IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Houston-Harris Division Patrol, Inc., | § | Chapter 7 |
| | § | |
| Debtors. | § | Case No. 19-34548 |

**TRUSTEE'S EMERGENCY APPLICATION FOR AUTHORITY TO PAY THE INTERNAL REVENUE SERVICE**

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQEUSTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Houston-Harris Division Patrol, Inc. ("**Debtor**"), files this *Emergency Application for Authority to Pay the Internal Revenue Service* ("**Application**"). In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1. This Court has jurisdiction over these proceedings, and the persons and properties affected hereby, pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. This Court has constitutional authority to enter a final order in this matter. A motion to pay administrative claims has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012). In the alternative, payment of employee wage claims is an essential bankruptcy matter which triggers the "public rights" exception. *See Id.*

## BACKGROUND

3. On August 14, 2019 ("**Petition Date**"), the Debtor filed a voluntary Chapter 11 petition in this Court.

4. On August 19, 2019, Christopher R. Murray ("**Trustee**") was appointed as the Chapter 11 Trustee.

5.     Houston-Harris Division Patrol, Inc. ("**Debtor**") is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas. Pursuant to its website, the Debtor was established in 1995 and provides security officers across Texas with offices in Dallas, Austin and headquarters in Houston.

6.     The Debtor was a security staffing company. Its most valuable assets were its customer contracts and the accounts receivable that are generated by way of fulfilling these contracts. The Trustee determined that the Debtor could not reorganize and that immediate conversion was required.

7.     On August 27, 2019, the Court granted the Trustee's motion to convert this case to a case under chapter 7 of the bankruptcy code ("**Conversion Date**"). On August 28, 2019, the Office of the United States Trustee reappointed the Trustee.

8.     Immediately prior to conversion, the Trustee, in his business judgment, caused the Debtor to cease operations and proceeded to terminate the Debtor's employees effective August 26, 2019.

9.     The Internal Revenue Service ("**IRS**") has a lien on virtually all of the Debtor's assets.

10.    On September 10, 2019, the Trustee and the United States of America ("**United States**") on behalf of the IRS entered into a stipulation and agreed order ("**Stipulation**") [Dkt. No. 56] providing for a $250,000 carve-out to the bankruptcy estate, plus 3% of amounts received during the case.

11.    On October 24, 2019 the Court approved the stipulation and entered an

Order [Dkt. No. 98].

12. The bankruptcy estate is currently holding $523,445.86 and is continuing to monetize assets.

## RELIEF REQUESTED

13. The Trustee requests permission to pay the IRS an interim distribution of $200,000 of the funds currently held by the bankruptcy estate.

## EMERGENCY RELIEF REQUESTED

14. Pursuant to Bankruptcy Local Rule 9013-1(i), the Trustee requests emergency consideration of this motion. Penalties and interest continue to accrue and the bankruptcy estate has the ability to reduce these fees by issuing an interim distribution.

15. The Trustee has consulted with his counsel and accountants in this case and has determined that the estate may make an interim distribution of $200,000 without risking administrative insolvency. The Trustee seeks to pay this amount during the 2019 calendar year to mitigate the penalties and interest that may accrue on the outstanding debt owed to the IRS.

## CONCLUSION

WHEREFORE, the Trustee prays that the Court grant the relief; that the Court enter an order allowing him to pay an interim distribution of $200,000 to the IRS; that emergency relief be granted; and that he be granted such other and further relief as the Court deems proper.

Dated: December 10, 2019

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

*Counsel for Christopher R. Murray,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 10, 2019 a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ Jarrod B. Martin
Jarrod B. Martin