IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Houston-Harris Division Patrol, Inc.,** | § | **Chapter 7** |
| | § | |
| **Debtors.** | § | **Case No. 19-34548** |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO REISSUE PRE-PETITION EMPLOYEE WAGE CHECKS**

Pursuant to Local Rule 9013:

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.
>
> EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Houston-Harris Division Patrol, Inc. submits this *Emergency Motion for*

*Entry of an Order Authorizing the Trustee to Reissue Pre-Petition Employee Wage Checks* ("**Motion**") for entry of an order authorizing the Trustee to reissue pre-petition employee wage checks. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1. This Court has jurisdiction over these proceedings, and the persons and properties affected hereby, pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. This Court has constitutional authority to enter a final order in this matter. A motion to pay administrative claims has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012). In the alternative, payment of employee wage claims is an essential bankruptcy matter which triggers the "public rights" exception. *See Id.*

## PRELIMINARY STATEMENT

1. The Court previously authorized the Trustee to pay prepetition wages from cash collateral. The Debtor continued to operate in chapter 11 for approximately 12 days before it ceased operations and the case was converted. During that time, employees continued to work and earn wages. These employees relied upon the representation that they would be paid prepetition wages. Some of these employees were unable to cash their pre-petition wage checks in a timely manner, and the checks are therefore no longer valid. The Trustee seeks authority to reissue these checks. Any further delay in payroll is a significant hardship for the Debtor's former employees. The accompanying payroll taxes and other related payroll deductions have already been remitted. The employees of the Debtor

continued to work post-petition with the promise that they would be paid pre-petition amounts owed to them. This pre-petition and post-petition work created value for the Debtor's estate and its creditors. The accounts receivable generated by the hard work of the Debtor's employees more than covers the amounts owed for this last payroll cycle. The total amount to be reissued totals $8,591.85.

## BACKGROUND

2. On August 14, 2019 ("**Petition Date**"), the Debtor filed a voluntary Chapter 11 petition in this Court.

3. On August 19, 2019, Christopher R. Murray ("**Trustee**") was appointed as the Chapter 11 Trustee.

4. Houston-Harris Division Patrol, Inc. ("**Debtor**") is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas. Pursuant to its website, the Debtor was established in 1995 and provides security officers across Texas with offices in Dallas, Austin and headquarters in Houston.

5. The Debtor was a security staffing company. Its most valuable assets were its customer contracts and the accounts receivable that are generated by way of fulfilling these contracts. The Trustee determined that the Debtor could not reorganize and that immediate conversion was required.

6. On August 27, 2019, the Court granted the Trustee's motion to convert this case to a case under chapter 7 of the bankruptcy code ("**Conversion Date**"). On August 28, 2019, the Office of the United States Trustee reappointed the Trustee.

7. Immediately prior to conversion, the Trustee, in his business judgment, caused the Debtor to cease operations and proceeded to terminate the Debtor's employees effective

August 26, 2019.

8. In an effort to minimize the personal hardship to the estate's former employees, and to minimize any potential disruption this liquidation may have already caused to the Debtor's customers, which will assist in the collection of outstanding accounts receivable for the estate, the Trustee seeks authority to reissue pre-petition wage checks that are no longer valid because of the discontinuance of the Debtor's pre-petition bank accounts.

### A. The Debtor's Payroll Process

9. Historically, the Debtor paid its Employees every other Monday, approximately 26 times per year. Each payroll covered the two-week period ended two Saturdays earlier.

10. The Debtor's payroll is self-administered. In administering the Debtor's payroll, the Debtor would utilize in-house accounting staff. The staff would gather time sheets and compile the information necessary to determine how much each Employee had earned, and how much each customer should be invoiced for that time. Accordingly, preparation of payroll was also integral to creating customer invoicing the accounts receivable.

11. Payroll checks would generally be prepared on the Thursday and Friday prior to the Monday payday. Checks for Employees based in Dallas and San Antonio would be sent to those offices for distribution. Employees would generally come to the Debtor's offices to pick up their checks in person. Even when payday fell on a holiday, the checks would still be ready for pickup. In fact, the Debtor's offices were always open and always staffed 24/7. This was essential given the round-the-clock nature of the security staffing services the Debtor provided.

12. Historically, the Debtor's employees would pick up paychecks sporadically. Some would pick up paychecks timely every week. Others would pick up paychecks monthly or later.

13. At present, the Trustee has collected substantial accounts receivable. The Trustee is currently holding $242,438.58 (the estate is holding $523,445.86 total) that is available to pay these individuals subject to the carveout agreement between the Trustee and the United States Internal Revenue Service. This amount may be reduced by any disbursements made in the interim, including payments made to the Internal Revenue Service and the Texas Comptroller.

## RELIEF REQUESTED

14. By this Motion, the Trustee requests entry of an order authorizing the Trustee to reissue pre-petition wage checks totaling $8,591.85. A spreadsheet of the checks to be reissued is attached as **Exhibit A.** The Authority to pay these amounts has already been authorized by Judge Isgur.

## BASIS FOR RELIEF REQUESTED

15. The Trustee's ability to maximize value depends, in large part, upon the collection of outstanding accounts receivable from its customers. Any disruption from the Debtor's liquidation could affect the Trustee's ability to collect outstanding accounts receivable. Accordingly, it is essential that the Trustee be permitted to honor the estate's employee wage obligations. Indeed, many of the Employees would be unable to meet personal obligations without these payments by the estate.

16. The Relief Requested is Appropriate. Initially, the relief requested is authorized under the Court's general equitable powers, which are codified in section 105(a)

of the Bankruptcy Code. Under section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01, at 105-5 (16th ED. REV. 2011).

17. Judge Isgur has already authorized the Trustee to pay prepetition wages. There are $8,591.85. in checks that need to be reissued. The Trustee anticipates enough funds available to pay the administrative claims, administer the estate, and make a distribution to creditors.

18. The Internal Revenue Services is adequately protected via the granting of replacement liens that existed pre-petition

## EMERGENCY RELIEF REQUESTED

19. Pursuant to Bankruptcy Local Rule 9013-1(i), the Trustee requests emergency consideration of this motion. The estate would suffer immediate and irreparable harm if the relief were not granted on an emergency basis. The employees affected need their wages.

## RESERVATION OF RIGHTS

20. Nothing contained in this Motion should be construed as: (a) an admission as to the validity of any claim against the Debtor's estate, nor limit the ability for a claimant to challenge the appropriate amount of any wage claim; (b) a waiver of the Trustee's right to dispute any claim on any grounds; (c) a promise or a requirement to pay any claim should the Trustee determine that payment of such claim is inappropriate; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a waiver of the

Trustee's rights under the Bankruptcy Code or any other applicable law.

WHEREFORE, the Trustee respectfully requests that the Court enter the order attached to this Motion, granting the relief requested; grant emergency consideration; and such other and further relief as may be just and proper.

Dated:  December 17, 2019

        Respectfully submitted

        MCDOWELL HETHERINGTON LLP

        By:  /s/ Jarrod B. Martin

        Jarrod B. Martin
        Texas Bar No. 24070221
        1001 Fannin Street
        Suite 2700
        Houston, TX 77002
        P: 713-337-5580
        F: 713-337-8850
        E: Jarrod.Martin@mhllp.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 17, 2019 a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing Motion was served upon the twenty largest unsecured creditors, and the Internal Revenue Service, by no later than the next day after the filing in accordance with Bankruptcy Local Rule 9013-1(f).

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## CERTIFICATION PURSUANT TO LOCAL RULE 9013-1(i)

I certify that the facts underlying the request for expedited relief are accurate to the best of my knowledge.

*/s/ Jarrod B. Martin*
Jarrod B. Martin