IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Houston-Harris Division Patrol, Inc., | § | Chapter 7 |
| | § | |
| Debtors. | § | Case No. 19-34548 |

**TRUSTEE'S EMERGENCY APPLICATION FOR AUTHORITY TO: (1) PAY THE INTERNAL REVENUE SERVICE A PORTION OF ITS SECURED CLAIM; (2) PAY THE TEXAS COMPTROLLER POST-PETITION TRUST FUND SALES TAXES; AND (3) ESTABLISH PROCEDURES FOR FUTURE SALES TAX PAYMENTS**

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Houston-Harris Division Patrol, Inc. ("**Debtor**"), files this *Emergency Application for Authority to: (1) Pay to the Internal Revenue Service a Portion of its Secured Claim; (2) Pay the Texas Comptroller Post-Petition Trust Fund Sales Taxes; and (3) Establish Procedures for Future Sales Tax Payments* ("**Application**"). In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1. This Court has jurisdiction over these proceedings, and the persons and properties affected hereby, pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. This Court has constitutional authority to enter a final order in this matter. A motion to pay administrative claims (or in the case of the sales taxes, payment of funds that are not property of the estate to a taxing authority) has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012).

## BACKGROUND

3. On August 14, 2019 ("**Petition Date**"), the Debtor filed a voluntary Chapter 11 petition in this Court.

4. On August 19, 2019, Christopher R. Murray ("**Trustee**") was appointed as the Chapter 11 Trustee.

5. Houston-Harris Division Patrol, Inc. ("**Debtor**") is a corporation organized under

the laws of Texas, with its principal place of business in Houston, Texas. Pursuant to its website, the Debtor was established in 1995 and provides security officers across Texas with offices in Dallas, Austin and headquarters in Houston.

6. The Debtor was a security staffing company. Its most valuable assets were its customer contracts and the accounts receivable that are generated by way of fulfilling these contracts. The Trustee determined that the Debtor could not reorganize and that immediate conversion was required.

7. On August 27, 2019, the Court granted the Trustee's motion to convert this case to a case under chapter 7 of the bankruptcy code ("**Conversion Date**"). On August 28, 2019, the Office of the United States Trustee reappointed the Trustee.

8. Immediately prior to conversion, the Trustee, in his business judgment, caused the Debtor to cease operations and proceeded to terminate the Debtor's employees effective August 26, 2019.

9. The Internal Revenue Service ("**IRS**") has a lien on virtually all of the Debtor's assets.

10. On September 10, 2019, the Trustee and the United States of America ("**United States**") on behalf of the IRS entered into a stipulation and agreed order ("**Stipulation**") [Dkt. No. 56] providing for a $250,000 carve-out to the bankruptcy estate, plus 3% of amounts received during the case.

11. On October 24, 2019 the Court approved the stipulation and entered an Order [Dkt. No. 98].

12. Texas imposes a state sales and use tax of 6.25% on all retail sales, leases and

rentals of most goods, as well as taxable services. Local taxing jurisdictions (cities, counties, special purpose districts and transit authorities) may also impose a sales and use tax up to two-percent, for a maximum combined rate of 8.25 percent. Harris County imposes such a tax. The Texas Comptroller of Public Accounts collects sales and use taxes.

13. The bankruptcy estate is currently holding $523,445.86. Of that amount $71,776.04 is trust fund state and local sales taxes the breakdown is below. The amounts reflected below are taxes actually collected by the estate post-petition. For the month of August, the collections are prorated.

| Post Petition Sales and Use Taxes | |
|---|---|
| August | $23,394.40 |
| September | $34,880.42 |
| October | $ 7,576.22 |
| November | $ 5,925.00 |
| Total | **$71,776.04** |

14. The carveout account has approximately $281,007.28 on deposit. The general account has $242,438.58 on deposit. The Trustee intends to pay the sales and use tax from the general account. The sales and use tax receipts are not property of the estate and not subject to the IRS lien. They are also not part of the Trustee's administrative expense carveout. The Trustee will reimburse $2,153.28 from the carveout account to the general account, which is the three percent that was previously deposited from the sales tax receipts. The Trustee seeks authority to pay future sales taxes without further order of the Court.

## RELIEF REQUESTED

15. The Trustee requests permission to pay the IRS an interim distribution of

$130,000.00 of the funds currently held by the bankruptcy estate.

16. The Trustee requests permission to remit $71,776.04 in state and local sales taxes to the appropriate taxing authorities, and for authority to pay all future sales taxes without further order of the Court.

17. The Trustee seeks authority to create an escrow account for all sales taxes collected in the future.

**BASIS FOR RELIEF REQUESTED: FUNDS HELD IN TRUST ARE NOT <u>AVAILABLE FOR DISTRIBUTION TO CREDITORS</u>**

18. These postpetition taxes are "trust fund taxes" that, by definition, are held by the estate in trust for the benefit of these taxing authorities. Section 541)d() of the Bankruptcy Code excludes property that the estate only holds legal title and not an equitable interest. It is well established under section 541(d) of the Bankruptcy Code that taxes collected on behalf of taxing authorities are not property of the estate. *See Begier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes and withholding taxes are property held by debtor in trust for another and, as such, do not constitute property of the estate); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (funds held in trust for federal excise taxes are not property of a debtor's estate, and therefore, not available for distribution to creditors). Because the postpetition taxes that are trust fund taxes do not constitute property of the Debtor's estate, these amounts will not otherwise be available for distribution to the Debtor's creditors. Thus, the payment of these taxes will not adversely affect the Debtor's estate.

19. In addition, it is possible that some of these state and local taxing authorities may initiate audits if the Trustee fails to pay these postpetition taxes promptly. Such audits would further divert attention and resources from the process of administering this bankruptcy case.

Moreover, the Debtor's principals may be subject to personal liability in the event the postpetition taxes, as well as the debts owed to the Internal Revenue Service, are not remitted or paid to the appropriate taxing authorities. There is no reason for the principals to incur additional penalties and interest for these unpaid amounts.

## EMERGENCY RELIEF REQUESTED

20. Pursuant to Bankruptcy Local Rule 9013-1(i), the Trustee requests emergency consideration of this motion. Penalties and interest continue to accrue and the bankruptcy estate has the ability to reduce these fees by issuing an interim distribution.

21. The Trustee has consulted with his counsel and accountants in this case and has determined that the estate may make an interim distribution of $130,000 without risking administrative insolvency. The Trustee seeks to pay this amount during the 2019 calendar year to mitigate the penalties and interest that may accrue on the outstanding debt owed to the IRS.

## REQUEST FOR WAIVER OF STAY

22. To the extent that the relief sought in this Motion constitutes a use of property under Section 363(b) of the Bankruptcy Code, the Trustee seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## CONCLUSION

WHEREFORE, the Trustee prays that the Court grant the relief; that the Court enter an order allowing him to: (1) pay an interim distribution of $130,000 to the IRS; (2) pay $71,776.04 in state and local sales taxes to the appropriate taxing authorities; (3) establish an escrow account for all future sales taxes collected; (4) pay all future sales taxes collected without further order of

this Court; (5) granting emergency relief; (6) waiving any stay under Bankruptcy Rule 6004(h). The Trustee requests that he be granted such other and further relief as the Court deems proper.

Dated: December 17, 2019

Respectfully submitted,

**McDowell Hetherington LLP**

By: /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

*Counsel for Christopher R. Murray,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 17, 2019 a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ Jarrod B. Martin
Jarrod B. Martin

## CERTIFICATION PURSUANT TO LOCAL RULE 9013-1(i)

I certify that the facts underlying the request for expedited relief are accurate to the best of my knowledge.

*/s/ Jarrod B. Martin*

Jarrod B. Martin