## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **Houston-Harris Division Patrol, Inc.,** | § | **Chapter 7** |
| | § | |
| Debtors. | § | **Case No. 19-34548** |

## TRUSTEE'S EMERGENCY APPLICATION FOR AUTHORITY TO PAY ROUTINE ADMINISTRATIVE EXPENSES

Pursuant to Local Rule 9013:

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray, Chapter 7 trustee for the bankruptcy estate of Houston-Harris Division Patrol, Inc. ("**Debtor**"), and files this *Emergency Application for Authority to Pay Routine Administrative Expenses* ("**Application**").  In support of this Application, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). This action is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Court has constitutional authority to enter a final order regarding this Motion.

**BACKGROUND AND RELIEF REQUESTED**

4.      On August 14, 2019 ("**Petition Date**"), the Debtor filed a voluntary Chapter 11 petition in this Court. On August 19, 2019, Christopher R. Murray ("**Trustee**") was appointed as the Chapter 11 Trustee. On August 27, 2019, the Court granted the Trustee's motion to convert this case to a case under chapter 7 of the bankruptcy code ("**Conversion Date**"). On August 28, 2019, the Office of the United States Trustee reappointed the Trustee as the chapter 7 trustee.

5.      Throughout the course of the Trustee's appointment in this case, he has utilized the services of Sam Leslie. Mr. Leslie was the regional manager, regional vice president, and general manager for the Debtor. His knowledge of the Debtor, its

relationships with its customers and employees, and the Debtor's financial affairs has proved invaluable in its winddown and liquidation.

6.      The Trustee seeks court authority to compensate Mr. Leslie for the services he has provided as an administrative expense, as his services were actual and necessary costs and expenses necessary for preserving the estate pursuant to 11 U.S.C § 503(b)(1)(a)(i). Mr. Leslie's services include hourly time relating to: (1) assistance with collections of accounts receivable; (2) acting as a liaison between the estate, customers and vendors; (3) assisting the Trustee with the payment of prepetition and postpetition employee payroll and employee wage claims; and (4) other miscellaneous tasks. The Trustee has reviewed Mr. Leslie's time records.

7.      The Trustee requests authority to pay Mr. Leslie $1,575 for services rendered to the estate, which is $75/hour at 21 hours.

## EMERGENCY RELIEF REQUESTED

8.      Pursuant to Bankruptcy Local Rule 9013-1(i), the Trustee requests emergency consideration of this motion. Mr. Leslie has been working for the Trustee without pay and needs his wages. There is no reason for delay.

## CONCLUSION

WHEREFORE, the Trustee prays that the Court grant the relief; that the Court enter an order allowing him to pay Sam Leslie $1,575.00, that emergency consideration be granted; and that he be granted such other and further relief as the Court deems proper.

Dated: December 17, 2019

Respectfully submitted,

**McDowell Hetherington LLP**

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

***Counsel for Christopher R. Murray,
Chapter 7 Trustee***

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 17, 2019 a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ Jarrod B. Martin
Jarrod B. Martin

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 9013-1(i)</u>

I certify that the facts underlying the request for expedited relief are accurate to the best of my knowledge.

*/s/ Jarrod B. Martin*

Jarrod B. Martin