## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **Houston-Harris Division Patrol, Inc.,** | § | **Chapter 7** |
| | § | |
| Debtor. | § | **Case No. 19-34548** |
| | § | |
| | § | |
| **Christopher R. Murray, Trustee,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 20-_____** |
| | § | |
| **Mauricio Garcia and Margaret Garcia,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## TRUSTEE'S ORIGINAL COMPLAINT

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray, chapter 7 trustee ("**Plaintiff**") for the Bankruptcy Estate of Houston-Harris Division Patrol, Inc. ("**Debtor**"), files this Original Complaint ("**Complaint**") against Mauricio Garcia ("**Mr. Garcia**") and Margaret Garcia ("**Ms. Garcia**") (collectively, Mr. Garcia and Ms. Garcia are referred to as the "**Garcia Defendants**") as follows.

### SUMMARY OF COMPLAINT

1.      The Debtor made transfers of at least $110,158.71 to the Garcia Defendants within two (2) years of the Petition date. Specifically, the Debtor made payments to Defendants by way of electronic payments or transfers pursuant to the information contained in Paragraph 14 below. The transfers are in relation to "loans" provided to the Garcia Defendants, which were not incurred

for any legitimate business reason for the Debtor, and other personal expenses incurred on the Garcia Defendants' behalf that also did not benefit the Debtor. These funds have not been recovered from the Garcia Defendants.

2.      The Plaintiff may avoid and recover these payments as fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550 and Chapter 24 of the Texas Business and Commerce Code.

3.      The Debtor had no legal obligation to make these transfers and received no benefit from making any of these transfers.

## JURISDICTION, VENUE , AND CONSTITUTIONAL AUTHORITY

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This action is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and/or (O).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

6.      The Plaintiff consents to entry of a final judgment by this Court in this matter.

## PARTIES

7.      Plaintiff is the duly-appointed chapter 7 trustee for the Bankruptcy Estate of the Debtor. Plaintiff may be served with pleadings and process in this Adversary Proceeding through his undersigned counsel.

8.      Mauricio Garcia is an individual who, upon information and belief, may be served with process in Harris County, Texas at: 26315 Fieldhaven Court, Cypress, Texas 77433.

9.      Margaret Garcia is an individual who, upon information and belief, may be served with process in Harris County, Texas at: 10834 Tryon Drive, Houston, Texas 77065.

### STATEMENT OF FACTS

10.    On August 14, 2019 ("**Petition Date**"), the Debtor filed a voluntary Chapter 11 petition for bankruptcy under title 11 of the Bankruptcy Code, commencing bankruptcy case number 19-34548 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

11.    Plaintiff was appointed as the chapter 11 trustee on August 19, 2019. The case was subsequently converted to chapter 7 on August 27, 2019.

12.    Debtor is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas. Pursuant to its website, Debtor was established in 1995 and provided security officers across Texas with offices in Dallas, Austin, and Houston. Debtor was a closely-held corporation operated by its principal—Mauricio Garcia.

13.    During his investigation, Plaintiff learned that Mr. Garcia and his ex-wife—Ms. Garcia—impermissibly drew down the Debtor's capital to the detriment of the Debtor and exclusion of the Debtor's creditors. Specifically, the Debtor made transfers totaling at least $110,158.71 to the Garcia Defendants in the two (2) years preceding the Petition Date. Specifically, the Debtor made payments to the Garcia Defendants by way of electronic payments or transfers as set forth in Paragraph 14 (the "**Avoidable Transfers**") at a time when the Debtor was insolvent.

14.    Upon information and belief, the Debtor made the Avoidable Transfers for the personal benefit of the Garcia Defendants as follows:

**A.  MR. GARCIA:**

    i.    The Debtor paid a total of $13,000 in "petty cash" to Mr. Garcia in the two months preceding the Petition Date. Indeed, the Debtor paid Mr. Garcia $8,000 in petty cash just two days before the Petition Date. These transfers to Mr. Garcia were for his own personal benefit and to the detriment of the Debtor and the Debtor's

creditors. Plaintiff has not recovered any of the "petty cash" taken by Mr. Garcia from the Debtor.

ii. The Debtor paid a total of $8,000 to Mr. Garcia to cover tax payments on August 5, 2019—less than two weeks before the Petition Date. This transfer was for Mr. Garcia's own personal benefit and to the detriment of the Debtor. Plaintiff has not recovered this payment from Mr. Garcia.

iii. The Debtor loaned $1,266.95 to Mr. Garcia between February 2019 and June 2019. The loans have not been repaid and remain outstanding. These loans were not incurred for the benefit of the Debtor but for Mr. Garcia personally, and Plaintiff has not recovered any of these loans from Mr. Garcia.

iv. The Debtor paid $13,760.45 in vacation advances to Mr. Garcia in the year preceding the Petition Date. These transfers to Mr. Garcia were for his own personal benefit and to the detriment of the Debtor. Plaintiff has not recovered any of the advances taken by Mr. Garcia for his vacations.

v. The Debtor paid $4,500 to Mr. Garcia to reimburse him for payments for his personal home in January and February 2018. These transfers to Mr. Garcia were for his own personal benefit and to the detriment of the Debtor. Plaintiff has not recovered any of the funds taken by Mr. Garcia from the Debtor to cover his home payments.

vi. The Debtor paid $10,000 to Mr. Garcia for legal fees in April 2018. Upon information and belief, these fees were not incurred for the benefit of the Debtor, but for Mr. Garcia personally. Plaintiff has not recovered any of the fees paid to Mr. Garcia.

**B. Ms. Garcia:**

i. The Debtor paid $22,600 to Ms. Garcia for "attorneys' fees" for the retention and engagement of Attorney Gary Cobb less than a year before the Petition Date. Upon information and belief, these fees were not incurred for the benefit of the Debtor, but for Ms. Garcia personally. Plaintiff has not recovered any of the fees paid to Ms. Garcia, which were apparently earmarked for Attorney Gary Cobb.

ii. The Debtor provided loans to Ms. Garcia in June 2019—months before the Petition Date—totaling $15,000, which have not been repaid and remain outstanding. These loans were not incurred for the benefit of the Debtor but for Ms. Garcia personally, and Plaintiff has not recovered any of these loans from Ms. Garcia.

iii. Ms. Garcia separately withdrew $20,284.36 from the Debtor's checking account in June 2019—less than two full months before the Petition Date. This withdrawal was not incurred for the benefit of the Debtor but for Ms. Garcia personally, and

Plaintiff has not recovered any of the $20,284.36 Ms. Garcia withdrew from the Debtor's bank account.

iv.     Less than a year before the Petition Date, the Debtor provided petty cash and "reimbursement[s]" to Ms. Garcia totaling $1,746.95. The Debtor received no benefit from these transfers, and Plaintiff has not recovered any of these transfers from Ms. Garcia.

15.     The Debtor made all Avoidable Transfers from an account in its name.

16.     There was no consideration to the Debtor for the payments made to the Garcia Defendants.

17.     The Debtor had no independent legal obligation to make the payments on behalf of the Garcia Defendants and received no benefit from the payments.

## CAUSES OF ACTION

### COUNT 1
### FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548 AND 550

18.     Plaintiff realleges and incorporates all allegations of fact contained in paragraphs 1 through 17 as if fully set forth herein.

19.     The Avoidable Transfers made before the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) because the Debtor made these transfers with actual intent to hinder, delay, or defraud one or more of its creditors. These transfers exhibit badges of fraud.

20.     The Avoidable Transfers made before the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) because the Debtor made these transfers and received less than a reasonably equivalent value in exchange for such transfer or obligations and:

A. the Debtor was insolvent on the date that such transfer was made, or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

B.  the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital;

C.  intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; or

D.  made such transfers to or for the benefit of insiders—Mr. and Ms. Garcia—under an employment contract and not in the ordinary course of business.

21.    Under 11 U.S.C. § 550(a), Plaintiff may recover the value of the Avoidable Transfers from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." The Garcia Defendants were the initial transferees of the Avoidable Transfers. Therefore, Plaintiff is entitled to avoid and recover the value of the Avoidable Transfers from the Garcia Defendants.

## COUNT 2
### TEXAS UNIFORM FRAUDULENT TRANSFERS ACT

22.    Plaintiff realleges and incorporates all allegations of fact contained in paragraphs 1 through 21 as if fully set forth herein.

23.    The Avoidable Transfers are avoidable as fraudulent transfers under TEX. BUS. & COM. CODE ANN. § 24.001, *et. seq.*, which Plaintiff incorporates pursuant to 11 U.S.C. § 544(b)(1).

24.    One or more creditors exist whose claims arose before some of the Avoidable Transfers for whom Plaintiff can act.

25.    The Debtor made the Avoidable Transfers for the benefit of the Garcia Defendants with the actual intent to hinder, delay, or defraud one or more of its creditors. These transfers exhibit badges of fraud. Plaintiff incorporates by reference the facts set forth in paragraphs 10–17, *supra*, setting forth the facts supporting a finding that the Debtor had actual intent to hinder, delay,

or defraud. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.005(a)(1), and Plaintiff may avoid and recover the Avoidable Transfers from the Garcia Defendants.

26.     The Debtor made the Avoidable Transfers to the Garcia Defendants without receiving reasonably equivalent value in exchange for the transfers. Additionally, when the Debtor made the Avoidable Transfers for the benefit of the Garcia Defendants, it (1) was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (2) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond its ability to pay as they became due. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.005(a)(2), and Plaintiff may avoid and recover the Avoidable Transfers from the Garcia Defendants.

27.     The Debtor made the Avoidable Transfers to the Garcia Defendants (1) without receiving reasonably equivalent value in exchange for the Avoidable Transfers, and (2) the Debtor either was insolvent when it made the Avoidable Transfers, or it became insolvent, partially as a result of the Avoidable Transfers. At the time of the Avoidable Transfers, (1) the Debtor's debts exceeded the fair valuation of all of its assets and (2) the Debtor was generally not paying its debts as they became due. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.006(a), and Plaintiff may avoid and recover the Avoidable Transfers.

28.     Because the Avoidable Transfers were fraudulent under TEX. BUS. & COM. CODE ANN. §§ 24.005(a)(1) and (2) and 24.006(a), Plaintiff may avoid the Avoidable Transfers to the Garcia Defendants under TEX. BUS. & COM. CODE ANN. § 24.008. Pursuant to 11 U.S.C. § 550(a)

and TEX. BUS. & COM. CODE ANN. § 24.008, Plaintiff may recover from the Garcia Defendants the value of the Avoidable Transfers.

## CONSTRUCTIVE TRUST

29.    Once an entity becomes insolvent and can no longer continue normal business operations, its assets become a trust fund for the benefit of all creditors. *Tigrett v. Pointer*, 580 S.W.2d 375, 383 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.). Any assets that are transferred to or for the benefit of an officer, director, or owner are held in a constructive trust. *Sw. Livestock & Trading Co. v. Dooley*, 884 S.W.2d 443,444 (Tex. App.—San Antonio 1994, writ denied); *Donovan v. Rankin*, 768 S.W.2d 443, 444 (Tex. App. —Houston [1st Dist.] 1989, writ denied). Plaintiff requests that a constructive trust be imposed against all Avoidable Transfers made to the Garcia Defendants.

## TURNOVER OF PAYMENTS UNDER 11 U.S.C. § 542

30.    All of the Avoidable Transfers made to the Garcia Defendants are property of the Bankruptcy Estate. The Avoidable Transfers are in a known amount. Plaintiff seeks a judgment requiring the turnover of all Avoidable Transfers and all proceeds derived therefrom pursuant to 11 U.S.C. § 542.

## ATTORNEYS' FEES

31.    Plaintiff requests an award of his reasonable attorneys' fees and costs pursuant to TEX. BUS. & COM. CODE ANN. § 24.013 and any other applicable law.

## PRE- AND POST-JUDGMENT INTEREST

32.    Plaintiff seeks pre- and post-judgment interest on his recovery at the maximum amount allowable by law.

## PRAYER

33.     Accordingly, Plaintiff requests the entry of a judgment against the Garcia Defendants consistent with the above-stated causes of action, including all actual damages, turnover, the imposition of a constructive trust, attorneys' fees, and costs, pre- and post- judgment interest, and all such other and further relief to which Plaintiff may be justly entitled.

Dated: May 19, 2020

> Respectfully submitted
>
> MCDOWELL HETHERINGTON LLP
>
> By:  /s/ Jarrod B. Martin
>
> Jarrod B. Martin – Attorney-in-Charge
> Texas Bar No. 24070221
> Andrew R. Kasner
> Texas Bar No. 24078770
> 1001 Fannin Street
> Suite 2700
> Houston, TX 77002
> P: 713-337-5580
> F: 713-337-8850
> E: jarrod.martin@mhllp.com
> E: andrew.kasner@mhllp.com
>
> *Attorneys for Christopher R. Murray,*
> *Chapter 7 Trustee*